IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keshawn Kelley, | C/A No.: 1:23-4391-MGL-SVH |
| Plaintiff, | |
| vs. | ORDER AND NOTICE |
| Solicitor David Miller; Williston Chief of Police Rodney Pruitt; Joshua Hearn; and Kyle W. Patterson, | |
| Defendants. | |

Keshawn Kelley ("Plaintiff"), proceeding pro se, filed this complaint against Solicitor David Miller, Williston Chief of Police Rodney Pruitt, Joshua Hearn, and Kyle W. Patterson ("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff brings claims against Miller for false imprisonment, malicious prosecution, denial of due process, refusing to try his case, and selective prosecution. [ECF No. 1 at 6]. Plaintiff alleges Pruitt, Hearn, and Patterson violated his rights by failing to properly investigate. *Id.* Plaintiff's complaint contains no factual allegations. He refers to an "Attachment B," but the

1

complaint contains no attachments. *Id.* at 7.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

2

do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

  B. Analysis

    1. Failure to Meet Pleading Requirements for Complaint

Plaintiff has failed to meet the minimal standards for filing a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's complaint does not meet all of the three requirements under Fed. R. Civ. P. 8(a). As to the second requirement, Plaintiff has not provided a short, plain statement, and does not provide any factual allegations to support his claims. Similarly, Plaintiff provides no request for relief. *Id.* As such, Plaintiff fails to meet the minimal standard for filing a complaint.

2. Immunity for Solicitor Miller

Plaintiff appears to sue Miller for actions associated with Plaintiff's criminal prosecution. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims relate to actions taken by Miller as the solicitor in connection with judicial proceedings, they are barred by prosecutorial immunity and are subject to summary dismissal.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **September 28, 2023**, along with any appropriate service

5

documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

     IT IS SO ORDERED.

September 7, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge